**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OSCAR IVAN VELASQUEZ-QUINONEZ,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No.: 1:17-cv-00155-AWI-JLT (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR LACK OF JURISDICTION<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

    Petitioner was convicted of multiple crimes in Kern County Superior Court in 2013. He served a seven year sentence and has since been released from custody. He now petitions for a writ of error coram nobis. As discussed below, the Court finds the petition should be dismissed because Petitioner has failed to satisfy the requirements for the highly unusual remedy of coram nobis.

**I.    PROCEDURAL HISTORY**

    On March 6, 2013, Petitioner was convicted in the Kern County Superior Court of one count of witness tampering, one count of criminal threats, and one count of participating in a criminal street gang. (Doc. No. 1 at p. 2.) Gang enhancements were also found true. (Id.) He was sentenced to an indeterminate term of seven-years-to-life. (Id.) Subsequently, he was resentenced to a determinate term of seven years and was released from custody on October 5, 2016. (Id.) Petitioner appealed to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"), and judgment was affirmed on

January 8, 2016. (Id. at p. 25.) He filed a petition for review in the California Supreme Court, and the petition was denied on April 13, 2016. (Id.) He also filed a habeas petition in the Kern County Superior Court which was denied on November 5, 2016.

Petitioner filed his petition for writ of error coram nobis in this Court on January 23, 2017. (Doc. No. 1).

## II.     DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B. Standard for Writ of Error Coram Nobis

"Both the Supreme Court and [the Ninth Circuit] have long made clear that the writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." United States v. Riedl, 496 F.3d 1003, 1005–06 (9th Cir. 2007). The Supreme Court characterized the writ as an "extraordinary remedy" that should be granted "only under circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511 (1954); see also Carlisle v. United States, 517 U.S. 416, 429 (1996) ("'[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis ] would be necessary or appropriate.'") (quoting United States v. Smith, 331 U.S. 469, 475 n. 4 (1947)) (second alteration in original). The writ has been available to bring before the court only those fundamental "factual errors material to the validity and regularity of the legality of the proceeding itself, such as the defendants being under age or having died before the verdict." Carlisle, 517 U.S. at 429.

The Ninth Circuit has also described the writ as "extraordinary," Hirabayashi v. United States,

828 F.2d 591, 604 (9th Cir. 1997), "used only to review errors of the most fundamental character," Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002), and "fill[ing] a very precise gap in federal criminal procedure," Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994).  The Ninth Circuit adopted the following framework to determine when the writ should issue:

> [A] petitioner must show the following to qualify for coram nobis relief: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

Hirabayashi, 828 F.2d at 604.

### C. Analysis

Petitioner has failed to satisfy the requirements for such an extraordinary remedy.  The more usual remedy in this case would be a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  While § 2254 relief is no longer available insofar as Petitioner is no longer in custody, he was in custody after the California Supreme Court denied review on April 13, 2016.  He fails to state why he did not or could not have filed a § 2254 petition at that point.  Petitioner fails to satisfy the second requirement since he provides no valid reason for not attacking the conviction earlier.

Moreover, Petitioner fails to show that the error is of "the most fundamental character." Hirabayashi, 828 F.2d at 604.  He presents a litany of claims which he presented to the state courts, and he alleges the state court rejection of those claims was unreasonable.  He claims the trial court erred in admitting certain evidence; he claims the evidence was insufficient to support a gang enhancement, the gang crime, and the criminal threat crime; and, he claims defense counsel rendered ineffective assistance with certain remarks in closing argument and by failing to present evidence.  These are typical habeas claims, not "errors of the most fundamental character."  Matus-Leva, 287 F.3d at 760. Consequently, the Court finds that the extraordinary writ of error coram nobis should not be available in this case.

### III.     RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that the Petition for Writ of Error Coram Nobis be **SUMMARILY DISMISSED.**

///

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 1, 2017**                **/s/ Jennifer L. Thurston**
                                                           UNITED STATES MAGISTRATE JUDGE